KIRK D. MILLER, P.S.
421 W. Riverside Avenue, Suite 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD ARMSTRONG, and all others similarly situated, | Case No.: |
| Plaintiffs, | COMPLAINT – CLASS ACTION |
| vs. | JURY DEMANDED |
| SUTTELL & HAMMER, P.S., a Washington corporation; and AUTOVEST, LLC, a Michigan limited liability company, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Donald Armstrong brings this class action Complaint, by and through his undersigned counsel, against Defendants Suttell & Hammer, P.S. ("Suttell") and Autovest, LLC, ("Autovest") individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

////

CLASS ACTION COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1 The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2 Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III.  NATURE OF THE ACTION

3.1 Plaintiff Armstrong brings this class action for damages for Defendants' actions of using unfair and unconscionable means to collect a debt.

3.2 Defendants' actions violated § 1692, *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3 Plaintiff Armstrong seeks damages, declaratory and injunctive relief.

## IV.  PARTIES

4.1 Plaintiff Armstrong is a natural person and resident of the state of Washington and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

4.2 Plaintiff Armstrong resides in the Eastern District of Washington.

CLASS ACTION COMPLAINT - 2

4.3  Defendant Suttell is a Washington corporation that regularly conducts business in the Eastern District of Washington.

4.4  Defendant Autovest is a foreign limited liability company, with its principal place of business in Michigan.

4.5  Defendant Autovest regularly conducts business in the state of Washington.

4.6  Defendant Autovest's principal business purpose is the collection of debts.

4.7  Defendant Suttell regularly attempts to collect debts alleged to be due to another.

4.8  Defendant Suttell is a "debt collector," as defined by the FDCPA, 15 U.S.C § 1692a(6).

4.9  Defendant Autovest is a "debt collector," as defined by the FDCPA, 15 U.S.C § 1692a(6).

4.10  Defendants are each a "collection agency," regulated by RCW 19.16, *et seq*.

## V. CLASS ACTION ALLEGATIONS

5.1  Plaintiff Armstrong brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2  The Class consists of:

CLASS ACTION COMPLAINT - 3

(a) All individuals with addresses in the state of Washington;

(b) Who were sued by Defendant Autovest in a Washington Court;

(c) In a case where Defendant Autovest was represented by Defendant Suttell;

(d) Where the complaint failed to state the name of the original creditor; and

(e) Where the lawsuit was filed within one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

5.3 The identities of all class members are readily ascertainable from the records of the Defendants and the Courts where the offending cases were filed.

5.4 Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

CLASS ACTION COMPLAINT - 4

(a) **Numerosity:** Plaintiff Armstrong is informed and believes, and on that basis, allege that the Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' lawsuits violate the FDCPA, 15 U.S.C § 1692, *et seq.*

(c) **Typicality:** Plaintiff Armstrong's claims are typical of the claims of the class members. Plaintiff Armstrong and all class members have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** Plaintiff Armstrong will fairly and adequately protect the interests of the class members insofar as he has no interests that are averse to the absent class members. Plaintiff Armstrong is committed to vigorously litigating this matter. Plaintiff Armstrong has also retained counsel experience in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff Armstrong nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

CLASS ACTION COMPLAINT - 5

      (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

5.6    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.7    The class period is the one (1) year proceeding the filing of this case, where Defendant either served or filed any superior court lawsuit, through the date that the class is certified.

## VI. PLAINTIFF ARMSTRONG'S ALLEGATIONS OF FACT

6.1    Plaintiff Armstrong repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

CLASS ACTION COMPLAINT - 6

6.2 Sometime prior to 2018, Plaintiff Armstrong incurred a debt that was primarily for personal, household, or family purposes.

6.3 The debt that Defendants alleged Plaintiff Armstrong owed was for an auto loan.

6.4 Plaintiff Armstrong did not have an agreement with the original creditor that he would arbitrate any legal claims, or waive his right to participate in a class action.

6.5 Defendant Autovest purchased Plaintiff Armstrong's alleged debt from the original creditor, for a fraction of the account's total alleged balance, for the purpose of collecting the balance from Plaintiff Armstrong.

6.6 On April 23, 2018, Defendants filed a Summons and Complaint against Plaintiff Armstrong in the Spokane County District Court.

6.7 Defendants' filed complaint omits any reference to the original account creditor, other than the last four digits of a sixteen-digit account number.

6.8 Plaintiff Armstrong did not recognize the last four digits of the account that Defendants attempted to collect.

6.9 Plaintiff Armstrong did not know what account, if any, had been sold or assigned to Defendant Autovest for collection.

CLASS ACTION COMPLAINT - 7

6.10  Plaintiff Armstrong did not recognize the balance, or the total amount requested in the state court Complaint, as a balance owed by him to anyone.

6.11  Plaintiff Armstrong was confused by the Complaint's failure to identify the creditor that was claiming entitlement to his money.

6.12  Failing to identify the original creditor caused Plaintiff Armstrong stress and frustration.

6.13  Prior to the date that Defendants filed the lawsuit against Plaintiff Armstrong, Suttell had information in its possession identifying the original creditor of Plaintiff Armstrong's account.

6.14  Prior to the date that Defendants filed the lawsuit against Plaintiff Armstrong, Defendant Autovest had information in its possession identifying the original creditor of Plaintiff Armstrong's account and had advised Defendant Suttell of name of the original creditor.

6.15  The Spokane County District Court lawsuit was the first communication that Plaintiff Armstrong received from Defendant Suttell.

6.16  The Spokane County District Court lawsuit was the first communication that Defendant Suttell sent to Plaintiff Armstrong, which was delivered to him at his residence.

CLASS ACTION COMPLAINT - 8

6.17 The Spokane County District Court lawsuit was the first communication that Plaintiff Armstrong received from Defendant Autovest.

6.18 In the one year preceding the filing of this lawsuit, Defendant Suttell has filed more than 250 lawsuits in the state of Washington that do not contain the name of the original creditor.

6.19 Through its attorneys, in the one year preceding the filing of this lawsuit, Defendant Autovest has filed more than 250 lawsuits in the state of Washington that do not contain the name of the original creditor.

## VII.   CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C §1692e,** *et seq.*

7.1 Plaintiff Armstrong repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2 Defendants' failure to disclose the name of the original creditor is material because it may impact how a consumer chooses to respond to a lawsuit.

CLASS ACTION COMPLAINT - 9

7.3 Defendants' failure to disclose the identity of the original creditor constitutes a concrete informational injury that is particularized to the state-court defendant who receives the lawsuit.

7.4 Defendants' debt collection effort violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

7.5 By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants' conduct violated §1692e of the FDCPA, statutory damages, costs and attorney's fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Armstrong and the putative class demand judgment against Defendants as follows:

8.1 Declaring that this action is properly maintainable as a Class action and certifying Plaintiff Armstrong as Class Representative and Kirk D. Miller as Class Counsel;

8.2 Awarding Plaintiff Armstrong and the Class damages pursuant to 15 USC § 1692k;

8.3 Declaratory relief that the Defendants violated the Washington Collection Agency Act, RCW 19.16.250(21);

CLASS ACTION COMPLAINT - 10

8.4 Injunction against the Defendants, pursuant to RCW 19.16.450, prohibiting them and "any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim";

8.5 Awarding Plaintiff Armstrong and the Class the costs of this Action, including reasonable attorney's fees and expenses;

8.6 Awarding pre-judgment interest and post-judgment interest; and

8.7 Awarding Plaintiff Armstrong and the Class such other and further relief as the Court may deem just and proper.

DATED this 15th day of March, 2019.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Shayne J. Sutherland, WSBA #44593
Brian G. Cameron, WSBA # 45903
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 11